JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Amy Stankiewicz
543 Thorn Hill Road
Clifford Township, PA 18407

**(b)** County of Residence of First Listed Plaintiff    Susquehanna
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

## DEFENDANTS

Pump N' Pantry, Inc.
6081 PA-92
Lenox, PA 18826

County of Residence of First Listed Defendant    Susquehanna
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 340 Marine   Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product   Liability | | | ☐ 480 Consumer Credit |
| of Veteran's Benefits | Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Product Liability    ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal   Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury    ☐ 385 Property Damage | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 790 Other Labor Litigation | | |
| | Medical Malpractice | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment    ☐ 510 Motions to Vacate | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | | |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | Other    ☐ 550 Civil Rights | | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-3(a)

Brief description of cause:
Title VII Claim - Retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 11/2/2020

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| AMY STANKIEWICZ | : | |
| 543 Thorn Hill Road | : | |
| Clifford Township, PA 18407 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| PUMP N' PANTRY, INC. | : | |
| 6081 PA-92 | : | |
| Lenox, PA 18826 | : | |
| | : | |
| And | : | |
| | : | |
| PUMP N' PANTRY, INC. | : | |
| 754 Grow Ave | : | |
| Montrose, PA 18801 | : | |
| | : | |
| Defendants. | : | |

_____

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, AMY STANKIEWICZ (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, PUMP N' PANTRY, INC. ("PNP") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania owning, operating and doing business at the above captioned address.

3.      Defendant, PUMP N' PANTRY, INC. ("PNP") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and with a corporate address as captioned above in Montrose, Pennsylvania. Both Defendants are hereinafter collectively referred to as "Defendants."

4.      At all times material hereto, Defendants qualify as Plaintiff's employers pursuant to the Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act ("PHRA").

5.      Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

6.      This action is instituted pursuant to the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act and applicable federal law.

7.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8.      Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II.  Operative Facts.

10.      On or around January 1, 1999, Defendants hired Plaintiff, a Caucasian woman, as a cashier for their Lenox, Pennsylvania location as captioned above.

11.      Beginning in May of 2020, Defendants closed the Lenox, PA location for two (2) weeks due to a suspected exposure to COVID-19.

12.     Upon reopening, Plaintiff was informed that her regular, overnight shift was no longer available and that she would be scheduled to work an earlier shift, to which Plaintiff agreed.

13.     Upon beginning to work her new shifts, Plaintiff observed blatant racist and derogatory statements being made by Defendants' shift lead, Justin Hayes, a Caucasian man,

14.     During one such situation, three African American customers came into the store while Plaintiff and Mr. Hayes were working.

15.     For seemingly no reason, Mr. Hayes told Plaintiff he did not want to wait on them, and asked Plaintiff to do it instead, which Plaintiff agreed to do.

16.     After the customers left, Mr. Hayes referred to them as "rude pieces of shit."

17.     During another situation, a Jamaican man came into Defendants' store to have a lottery ticket checked.

18.     Mr. Hayes informed the customer that he "didn't have time" to check his ticket and to use a machine the store had to check it.

19.     The customer complied; however Plaintiff observed a Caucasian customer who was next in line produce a lottery ticket to be checked.

20.     Mr. Hayes checked this customer's ticket with no issue.

21.     The Jamaican customer returned to Mr. Hayes' line and requested again to have his ticket checked, as the machine wasn't working.

22.     Mr. Hayes responded "you stupid people just don't know how to work [the machine]."

23.     The customer asked Mr. Hayes to repeat himself, which Mr. Hayes refused to do.

24.     At that time, Plaintiff intervened, apologized on Mr. Hayes' behalf and checked the customer's ticket.

25.     Plaintiff also witnessed Mr. Hayes making homophobic comments such as "gays need to be shot."

26.     Plaintiff  informed Mr. Hayes that she did not appreciate this behavior, especially as her son-in-law who is also an employee of Defendants', is a gay man.

27.     Plaintiff met with Defendants' manager, Sarah, and Mr. Hayes to make a formal complaint regarding Mr. Hayes' racist and homophobic behavior, and indicated she felt extremely uncomfortable working with him as a result.

28.     Sarah responded that she would "take care of it" with Mr. Hayes privately as it "wasn't [Plaintiff's] business."

29.     Plaintiff was not further informed as to what additional steps, if any, were taken to address the behavior, and upon information and belief, Mr. Hayes was not disciplined and is still employed by Defendants.

30.     Following Plaintiff's complaint, Sarah reported to Defendants' district manager Angie that Plaintiff was refusing to work her schedule because of conflict with another employee.

31.     Angie indicated that Plaintiff should "put in her resignation if she didn't like another employee or her schedule."

32.     At no time was Plaintiff questioned regarding her discrimination complaint.

33.     At no time did Plaintiff resign or offer a resignation to Defendants.

34.     On May 14, 2020, Plaintiff was completely removed from the work schedule, and to date, no representative of Defendants will speak with Plaintiff or answer or return her phone calls.

35.     Upon information and belief, Sarah told several of Defendants' other employees that Plaintiff quit, which is untrue.

36.     Prior to her complaints, Plaintiff was an employee of Defendants for over twenty (20) years with no issues, complaints, or write ups, while Mr. Hayes had not even been employed with Defendants for one (1) year.

34.     As set forth above, Defendants terminated Plaintiff in retaliation for her complaint of race discrimination.

35.      As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well personal injury, emotional distress, humiliation, pain and suffering and other damages as set forth below.

## III.  Causes of Action.

### COUNT I – TITLE VII CLAIM--RETALIATION
### (42 U.S.C.A. § 2000e-3(a))

36.     Plaintiff incorporates paragraphs 1-35 as if fully set forth at length herein.

37.     At set forth above, Plaintiff attempted to complain about racial and sexual orientation discrimination in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

38.     Soon after her complaint, Defendants took adverse action against Plaintiff by terminating her employment.

39.     As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendants' decision to terminate his employment.

40.     As such, Defendants' decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, § 704(a).

41.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

42.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

43.     Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorneys fees and court costs.

## COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

44.     Plaintiff incorporates paragraphs 1-43 as if fully set forth at length herein.

45.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not racially discriminate or retaliate against an employee.

46.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

47.     Defendants are Plaintiff's "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

48.     Defendants' conduct in constructively terminating Plaintiff is an adverse action, was taken as a result of her complaint of race and sexual orientation discrimination and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

49.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

50.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

**IV.  Relief Requested.**

**WHEREFORE,** Plaintiff AMY STANKIEWICZ demands judgment in her favor and against Defendants PUMP N' PANTR, INC. jointly and severally, in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering and personal injury damages;

B.   Punitive damages;

C.   Attorneys fees and costs of suit;

D.   Interest, delay damages; and,

E.   Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Amy Stankiewicz

Date:   11/2/2020

# EXH. A

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Amy Stankiewicz**
      **543 Thorn Hill Road**
      **Clifford Township, PA 18407**

From:   **Philadelphia District Office**
        **801 Market Street**
        **Suite 1000**
        **Philadelphia, PA 19107**

|   | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-04369 | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

|   |   |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*                                           **9/2/2020**

Enclosures(s)

**Jamie R. Williamson,**
**District Director**                                           *(Date Mailed)*

cc:   **Donna A. Walsh, Esq.**
      **Myers, Brier & Kelly, LLP**
      **425 Spruce Street**
      **Suite 200**
      **Scranton, PA 18503**

      **Graham F. Baird, Esq.**
      **LAW OFFICE OF ERIC SHORE**
      **2 Penn Center, Suite 1240**
      **1500 John F. Kennedy Boulevard**
      **Philadelphia, PA 19102**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE     --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***