IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMY STANKIEWICZ,** | : | CIVIL ACTION NO. 3:20-CV-2021 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PUMP N' PANTRY, INC.,** and | : | |
| **PUMP N' PANTRY, INC.,** | : | |
| | : | |
| **Defendants** | : | |

# MEMORANDUM

Plaintiff Amy Stankiewicz brings a claim of retaliation against her former employer under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. AND CONS. STAT. ANN. § 955.  Defendants Pump N' Pantry, Inc.[1] ("Pump N' Pantry"), move to dismiss Stankiewicz's claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the court will grant the motion.

## I.   Factual Background & Procedural History

Stankiewicz began working for Pump N' Pantry in 1999 at its Lenox, Pennsylvania, location.  (See Doc. 1 ¶ 10).  Prior to the events underlying the instant litigation, Stankiewicz never incurred any "issues, complaints, or write ups" during her employment.  (See id. ¶ 36).  In early 2020, Pump N' Pantry's Lenox location closed for two weeks for "suspected exposure to COVID-19."  (See id. ¶ 11).  When

---

[1] The complaint (Doc. 1) names two locations of Pump N' Pantry, Inc.: its Lenox, Pennsylvania location as well as its Montrose, Pennsylvania location.  (See id. at 1).  This memorandum will refer to Pump N' Pantry as a singular defendant.

the location reopened, Stankiewicz was reassigned to an earlier shift with a different shift lead named Justin Hayes. (See id. ¶¶ 12-13).

According to the complaint, Stankiewicz observed Hayes making "blatant racist and derogatory statements" toward customers who were people of color. (See id. ¶¶ 13-24). Hayes allegedly refused to assist nonwhite customers on several occasions and called nonwhite customers "rude pieces of shit" and "you stupid people." (See id. ¶¶ 14-22). Stankiewicz avers that Hayes also made at least one homophobic comment, stating "gays need to be shot." (See id. ¶ 25). Stankiewicz was disturbed by Hayes' behavior, particularly because her son-in-law, who is also employed by Pump N' Pantry, is gay. (See id. ¶ 26). Stankiewicz made a formal complaint about Hayes, and her manager reportedly told Stankiewicz "she would take care of it." (See id. ¶¶ 27-28). Instead, Stankiewicz's manager claimed Stankiewicz was "refusing to work her schedule" and on May 14, 2020, Stankiewicz was removed from Pump N' Pantry's schedule. (See id. ¶¶ 30-34).

After exhausting her administrative remedies, Stankiewicz filed the instant complaint in November 2020, alleging one count of retaliation under Title VII, and one count of retaliation under the PHRA. Pump N' Pantry filed a motion to dismiss under Rule 12(b)(6). This motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

Title VII prohibits an employer from discriminating against an employee "because [s]he has opposed any practice made an unlawful employment practice by

3

this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).[2]  To establish a *prima facie* case of retaliation under Title VII, a plaintiff must allege that (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action.  See Carvalho-Grevious v. Del. State Univ., 851 F.3d 249, 257 (3d Cir. 2017) (citing Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006)).  As the United States Supreme Court has recognized, Title VII's prohibition of retaliation "seeks to secure that primary objective" of a workplace that is free from discrimination against employees in certain protected classes.  See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 63 (2006).  Our court of appeals applies the same analytical framework to PHRA retaliation claims as to Title VII retaliation claims.  Connelly v. Lane Constr. Corp., 809 F.3d 780, 791 n.9 (3d Cir. 2016).

Under the first prong, Title VII includes an "opposition clause" and a "participation clause."  See Slagle v. County of Clarion, 435 F.3d 262, 265 (3d Cir. 2006) (citing statutory subsection); see also EEOC v. Allstate Ins. Co., 778 F.3d 444, 452 (3d Cir. 2015).  The protection offered by the opposition clause is narrower than that provided by the participation clause.  Slagle, 435 F.3d at 266.  A plaintiff may be

---

[2] The PHRA similarly forbids discrimination "against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."  43 Pa. Stat. and Cons. Stat. Ann. § 955(d).

protected by the opposition clause when she "oppose[s] any practice made an unlawful employment practice" by Title VII. See 42 U.S.C. § 2000e-3(a); see also Moore, 461 F.3d at 341. The plaintiff's opposition "must identify the employer and the practice." Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 135 (3d Cir. 2006). Opposition of practices other than those prohibited under Title VII does not constitute protected activity. See Lamb-Bowman v. Del. State Univ., 39 F. App'x 748, 750-51 (3d Cir. 2002) (nonprecedential); Hatcher v. Conifer Realty LLC, No. 1:04-CV-1872, 2007 WL 3237518, at *4 (M.D. Pa. Oct. 30, 2007) (Conner, J.). The plaintiff must also hold "an 'objectively reasonable belief' that the activity the plaintiff opposed constituted unlawful discrimination under the relevant statute." Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193-94 (3d Cir. 2015) (quoting Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d Cir. 2008)); see also Gress v. Temple Univ. Health Sys., 784 F. App'x 100, 106 (3d Cir. 2019) (nonprecedential) (Title VII retaliation claim failed because plaintiff conclusorily stated supervisor took "racist actions"; supervisor's statements were "rude, but not illegal"). In other words, "[t]he actions underlying the employee's conduct must be activity that Title VII was intended to protect." Rossell v. Cnty. Bank, 270 F. App'x 217, 217 (3d Cir. 2008) (nonprecedential) (citing Slagle, 435 F.3d at 262).

Pump N' Pantry rests its motion on the first prong of the *prima facie* case, arguing that Stankiewicz did not engage in protected activity. Pump N' Pantry maintains Stankiewicz cannot make out a case for retaliation because the conduct she opposed "does not relate to a practice prohibited by Title VII." (See Doc. 8 at 5). At this juncture, we are constrained to agree. Stankiewicz's complaint focuses

mainly on Hayes' offensive comments regarding customers who were people of color. (See Doc. 1 ¶¶ 13-24). Title VII does not cover a business's treatment of its customers—no matter how abhorrent—because customers have no employment relationship with the business. See Rossell, 270 F. App'x at 217 (bank employee's Title VII retaliation claim not cognizable because employee opposed "treatment of certain Black customers"). While Stankiewicz need only hold an "objectively reasonable belief" that she opposed unlawful discrimination, Hayes' comments about customers cannot, as a matter of law, constitute Title VII discrimination. Cf. Daniels, 776 F.3d at 193-94. Stankiewicz cannot make out a *prima facie* case of retaliation because her opposition to Hayes' treatment of customers did not relate to an activity that is "unlawful under Title VII." Cf. Moore, 461 F.3d at 341.

The Third Circuit Court of Appeals requires district courts to grant leave to amend in civil rights cases if a curative amendment is conceivable. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Stankiewicz's complaint fails to state a claim based on Hayes' treatment of customers. Cf. Rossell, 270 F. App'x at 217. However, Stankiewicz also alleges that she considered Hayes' conduct discriminatory because the remarks applied to her "son-in-law who was an employee." (See Doc. 10-1 at 8). Stankiewicz's son-in-law is a gay man, and the complaint alleges that Hayes stated, "gays need to be shot." (See Doc. 1 ¶¶ 25-26). Under Title VII, if a plaintiff suffers "materially adverse actions because [she] reasonably perceived [the employment] environment as violative of Title VII and objected," she has stated a claim for retaliation. See Moore, 461 F.3d at 342 (internal quotation marks omitted) (concluding that employees who opposed

mistreatment of Black coworkers stated retaliation claim).  This theory is not sufficiently developed in the complaint, but curative amendment is conceivable.  Cf. Grayson, 293 F.3d at 108.  Accordingly, we will grant Stankiewicz leave to amend her complaint within twenty-one days to plead a retaliation theory with specific factual allegations related to her son-in-law.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

## IV. Conclusion

We will grant Pump N' Pantry's motion (Doc. 6) to dismiss Stankiewicz's complaint.  We will, however, grant Stankiewicz leave to amend in accordance with this memorandum.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    April 13, 2021