UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY STANKIEWICZ<br>543 Thorn Hill Road<br>Clifford Township, PA 18407<br><br>Plaintiff,<br><br>v.<br><br>PUMP N' PANTRY, INC.<br>6081 PA-92<br>Lenox, PA 18826<br><br>And<br><br>PUMP N' PANTRY, INC.<br>754 Grow Ave<br>Montrose, PA 18801<br><br>Defendants. | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, AMY STANKIEWICZ (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, PUMP N' PANTRY, INC. ("PNP") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania owning, operating and doing business at the above captioned address.

3. Defendant, PUMP N' PANTRY, INC. ("PNP") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and with a corporate address as captioned above in Montrose, Pennsylvania. Both Defendants are hereinafter collectively referred to as "Defendants."

4. At all times material hereto, Defendants qualify as Plaintiff's employers pursuant to the Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act ("PHRA").

5. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

10. On or around January 1, 1999, Defendant hired Plaintiff, a Caucasian woman, as a cashier for their Lenox, Pennsylvania location as captioned above.

11. At all times material to her protected activity, Plaintiff's son was gay and married to Plaintiff's son-in-law who worked in the same store owned and operated by Defendant where Plaintiff was subjected to the racist and homophobic statements of her co-worker.

12. Beginning in May of 2020, Defendant closed the Lenox, PA location for two (2) weeks due to a suspected exposure to COVID-19.

13. Upon reopening, Plaintiff was informed that her regular, overnight shift was no longer available and that she would be scheduled to work an earlier shift, to which Plaintiff agreed.

14. Upon beginning to work her new shifts, Plaintiff observed blatant racist, homophobic and derogatory statements being made by Defendants' shift lead, Justin Hayes, a Caucasian man.

15. During one such situation, three African American customers came into the store while Plaintiff and Mr. Hayes were working.

16. For seemingly no reason, Mr. Hayes told Plaintiff he did not want to wait on them, and asked Plaintiff to do it instead, which Plaintiff agreed to do.

17. After the customers left, Mr. Hayes referred to them as "rude pieces of shit."

18. During another situation, a Jamaican man came into Defendants' store to have a lottery ticket checked.

19. Mr. Hayes informed the customer that he "didn't have time" to check his ticket and to use a machine the store had to check it.

20. The customer complied; however Plaintiff observed a Caucasian customer who was next in line produce a lottery ticket to be checked.

21. Mr. Hayes checked this customer's ticket with no issue or complaint.

22. The Jamaican customer returned to Mr. Hayes' line and requested again to have his ticket checked, as the machine wasn't working.

23. Mr. Hayes responded "you stupid people just don't know how to work [the machine]."

24. The customer asked Mr. Hayes to repeat himself, which Mr. Hayes refused to do.

25. At that time, Plaintiff intervened, apologized on Mr. Hayes' behalf and checked the customer's ticket.

26. Plaintiff also heard Mr. Hayes making homophobic comments such as "gays need to be shot."

27. Plaintiff informed Mr. Hayes that she did not appreciate this behavior, especially as her son-in-law who is also an employee of Defendant, is a gay man.

28. Mr. Hayes did not modify his behavior and continued to make derogatory, racist and homophobic statements to Plaintiff, with knowledge that Plaintiff was the mother of a gay man and mother-in-law of one of his co-workers.

29. Plaintiff met with Defendant's manager, Sarah, and Mr. Hayes to make a formal complaint regarding Mr. Hayes' racist and homophobic behavior and statements, notified Sarah that she is the mother-in-law of a gay coworker and Plaintiff indicated she felt extremely uncomfortable working with him as a result.

30. Sarah responded that she would "take care of it" with Mr. Hayes privately as it "wasn't [Plaintiff's] business."

31. Plaintiff was not further informed as to what additional steps, if any, were taken to address the behavior, and upon information and belief, Mr. Hayes was not disciplined and is still employed by Defendant.

32. Following Plaintiff's complaint, Sarah reported to Defendant's district manager Angie that Plaintiff was refusing to work her schedule because of conflict with another employee.

33. Angie indicated that Plaintiff should "put in her resignation if she didn't like another employee or her schedule."

34. At no time was Plaintiff questioned by Human Resources regarding her discrimination complaint.

35. At no time did Plaintiff resign or offer a resignation to Defendant.

36. On May 14, 2020, Plaintiff was completely removed from the work schedule, and to date, no representative of Defendant will speak with Plaintiff or answer or return her phone calls.

37. Upon information and belief, Sarah told several of Defendant's other employees that Plaintiff quit, which is untrue.

38. Prior to her complaint, Plaintiff was an employee of Defendant for over twenty (20) years with no issues, complaints, or write ups, while Mr. Hayes had not even been employed with Defendant for one (1) year.

39. As set forth above, Defendant terminated Plaintiff in retaliation for her complaint of race discrimination, sexual orientation discrimination and of a hostile work environment based on her association with a gay man, her son and son-in-law.

40. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well personal injury, emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

### COUNT I 42 U.S.C. §1981 CLAIM—RETALIATION

40. Plaintiff incorporates paragraphs 1-39 as if fully set forth at length herein.

41. At set forth above, Plaintiff complained about racial discrimination as described above and as such, Plaintiff was engaged in protected activity under 42 U.S.C. §1981.

42. Soon after her complaint, Defendant took adverse action against Plaintiff by terminating her employment.

43. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendants' decision to terminate her employment.

44. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by 42 U.S.C. §1981.

45. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

46. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

47. Pursuant to 42 U.S.C. §1981, Plaintiff demands attorneys fees and court costs.

### COUNT II – TITLE VII CLAIM--RETALIATION
### (42 U.S.C.A. § 2000e-3(a))

48. Plaintiff incorporates paragraphs 1-47 as if fully set forth at length herein.

49. At set forth above, Plaintiff attempted to complain about racial and sexual orientation discrimination, and a hostile work environment in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

50. Soon after her complaint, Defendant took adverse action against Plaintiff by terminating her employment.

51. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

52. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, § 704(a).

53. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

54. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

55. Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorneys fees and court costs.

**COUNT III– VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**(43 P.S. § 955)**

56. Plaintiff incorporates paragraphs 1-55 as if fully set forth at length herein.

57. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate or retaliate against an employee for making a good faith complaint of protected class discrimination.

58. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

59. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

60. Defendant's conduct in constructively terminating Plaintiff is an adverse action, was taken as a result of her complaint of race discrimination and sexual orientation discrimination and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

61. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

62. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff AMY STANKIEWICZ demands judgment in her favor and against Defendant PUMP N' PANTRY, INC., in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering and personal injury damages;

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: /s/Graham F. Baird
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Amy Stankiewicz

Date: May 4, 2021

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY STANKIEWICZ | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 20-2021 |
| PUMP N' PANTRY, INC. | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

On May 4, 2021, the undersigned served the foregoing First Amended Complaint via ECF upon the following:

Donna A. Walsh, Esquire
Myers, Brier & Kelly, LLP
425 Spruce Street
Suite 200
Scranton, PA 18503

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: /s/Graham F. Baird
**GRAHAM F. BAIRD, ESQUIRE**
Attorneys for Plaintiff, Amy Stankiewicz